Reversed and Remanded and Majority and Concurring Opinions filed May 17,
2005









 

Reversed and Remanded and Majority and Concurring
Opinions filed May 17, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00390-CV

____________

 

SUPPORTKIDS, INC.,
FORMERLY CHILD SUPPORT ENFORCEMENT, INC., Appellant

 

V.

 

CYNTHIA MORRIS, Appellee

 



 

On Appeal from the 253rd
District Court

Chambers County, Texas

Trial Court Cause No. 19,150

 



 

C O N C U R R I N G   O P I N I O N

I agree with the result reached by the
majority, but I write separately because I believe a more obvious, fundamental
reason exists for reversing the order. 
Bereft of details–the glue that allows this type of order to withstand
the inevitable challenges–the order lacks what it needs most to survive
judicial scrutiny. 








For example,
regarding numerosity, the order states, “The Court finds that the members of
the class are so numerous that joinder of all members is impracticable; thus,
the numerosity requirement of TRCP 42(a)(1) is met.”  No details or further information is given on
this point.  To prove that it performed a
rigorous analysis of the case before certifying the class, the court stated,
“This Court performed a rigorous analysis before ruling on class certification
to determine whether all prerequisites to certification have been met.”  Again, no details or further information is
given.  

Both of these
statements are conclusions without any supporting data, as are the other
statements in the order.  The order
claims to contain details, but in fact, it does not.[1]

For this reason,
under Texas Rule of Civil Procedure 42(c), under Southwestern Refining Co.
v. Bernal, 22 S.W.3d 425, 435 (Tex. 2000), and under Schein v. Stromboe,
102 S.W.3d 675, 689 (Tex. 2002), this order must be reversed and the case
remanded to the trial court.

 

 

 

 

/s/      Wanda
McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Majority and Concurring Opinions filed May 17, 2005.

Panel consists of Chief Justice
Hedges and Justices Fowler and Seymore. (Seymore, J. majority.)

 











[1] We require a detailed analysis of
the case because the appellate court must review the underpinnings for the
trial court’s rulings.  The details are
necessary to (1) provide the reasons underlying the court’s decision and (2) to
enable the appellate courts to rigorously review the trial court’s
decision.  One cannot rigorously review a
conclusion without the details that led to the conclusion.